**Joan HOCH and others[1] Plaintiff**
**vs.**
**Mary Ann FORGEY and others[2]**
**Defendants**

**No. 52101**

Superior Court/Suffolk, ss.
Commonwealth of Massachusetts

**November 8, 1982**

---

[1]Laurence J. Hoch and Margaret Hoch by her father and next friend, Laurence J. Hoch.
[2]Donna Simmons, Ruth Ring, the American Institute for Research, Inc. and the Commonwealth of Massachusetts.

Monroe L. Inker, Donald G. Tye, Counsels for plaintiff.

Warren Pyle, for Mary Ann Forgey and Ruth Ring.

Francis X. Bellotti, for W. T. Hogan and Roberta J. Brown.

Peter L. Samek for American Inst.

John W. McCann for American Inst. for Research.

## RULINGS, ORDERS AND MEMORANDUM OF DECISION ON DEFENDANTS FORGEY'S, SIMMONS' AND RING'S MOTIONS TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

**Introduction and Background.**

Plaintiffs (the Hoches) commenced this action on December 9, 1981 and in their original Complaint they named as defendants William T. Hogan, Jr., individually and as Secretary of Human Services of the Commonwealth of Massachusetts (Hogan), Mary Jane England, M.D., individually and as Commissioner of the Department of Social Services of the Commonwealth of Massachusetts (England), a Mary Ann Forgey (Forgey)[3], a Donna Simmons (Simmons)[3] a Ruth Ring (Ring)[3], and the American Institute for Research, Inc. (AIR), a Massachusetts corporation. Again in their original Complaint the Hoches made several claims including that (1) all defendants violated their rights under the fourth, fifth, ninth and fourteenth amendments to the United States Constitution and thus committed violations of 42 USC § 1983; (2) all defendants, save Hogan, caused Laurence and Joan Hoch each to be deprived of consortium; (3) defendants Forgey and Simmons maliciously and without cause filed a petition pursuant to G. L. c. 119, § 51B(4) and thus caused the Hoches to suffer mental anguish; (4) all defendants breached a duty of care owned to the Hoches; and (5) AIR defamed the Hoches.

On July 30, 1982 a justice of this Court allowed Hogan's and England's Motions to Dismiss as to them. On that same day, the Hoches filed a motion to amend their Complaint by adding the Commonwealth of Massachusetts (the Commonwealth) as a party defendant seeking to hold it liable pursuant to the Massachusetts Tort Claims

---

[3] At all times relevant to this action Forgey, Simmons and Ring were employees of the Department of Social Services. Complaint at P 7, P 8 and P 9.

Act (G. L. c. 258, § 2). Thereafter, the Hoches' motion to amend was allowed.

Defendants Forgey, Simmons and Ring, have each filed motions to dismiss the Hoches' amended complaint on the basis of Mass. R. Civ. P. 12(b)(6). In their motions those defendants assert that "having elected to pursue their claims against the Commonwealth, pursuant to Mass. G. L. c. 258, plaintiffs are precluded from asserting claims arising out of the same subject matter[4] against employees of the Commonwealth." Those defendants maintain that G. L. c. 258, § 2 immunizes public employees from all liability arising out of an act or omission for which the Commonwealth is liable pursuant to section 2.

**Rulings and Memorandum of Decision.**

In sum, the issue raised by defendants' motions is does an action commenced against the Commonwealth of Massachusetts pursuant to G. L. c. 258, § 2 operate to immunize the Commonwealth's public employees from all suits arising out of the act or omission for which the Commonwealth is sued pursuant to § 2? At the outset, it should be noted that pursuant to G. L. c. 258, § 2, the Commonwealth is liable for "negligent and wrongful act(s) or omission(s)" of its employees. Liability attaches for such acts or omissions occurring "within the scope of . . . office or employment." Section 2 in relevant part provides further: "That the remedies provided by this chapter shall be exclusive to any other civil action or proceeding by reason of the same subject matter against the public employer or, the public employee or his estate whose negligent or wrongful act or omission gave rise to such claim, and no such public employee or the estate of such public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment . . ."

Defendants Forgey, Simmons and Ring argue that § 2 provides persons so injured by public employees with an exclusive remedy against the public employer and that election of this remedy precludes a person from suing the public employee

under any other statute or common law theory for the same wrong for which the person seeks redress from the public employer under § 2. Although those defendants have presented no case law in support of their interpretation of § 2, they have brought to this court's attention two footnotes from a law review article.[5] Yet, a fair reading of the footnotes and the accompanying text indicates that the authors of that impressive article do not assert that G. L. c. 258 provides a remedy exclusive of **all** other remedies. Rather, the authors write: "Chapter 512 (c. 258) is the exclusive remedy for **negligence claims** against a government entity (emphasis added)" 14 Suffolk L. Rev. at 1284.

Although a superficial reading of § 2 alone, without any consideration of the other twelve sections of c. 258, could possibly suggest that § 2 does provide an exclusive remedy as argued, when § 2 is read in harmony with §§ 9 and 10, it becomes rather clear that the General Court did not intend to make § 2 an exclusive remedy. "Where the draftmanship of a statute . . . lacks precision, it is . . . (the) duty (of the court) to give the statute a reasonable construction." **School Committee of Greenfield** v. **Greenfield Education Association,** 385 Mass. 70, 79-80 (1982). A reasonable construction of § 2 compels a ruling that § 2 provides an exclusive remedy solely for public employees' "negligent and wrongful act(s) or omission(s)."

The first sentence of § 2 indicates the scope of the section. It establishes public employer liability for the "negligent or wrongful act(s) or omission(s)" of its public employees. The second sentence's declaration that chapter 258's remedy is exclusive of all other "civil action(s) or proceeding(s)" must refer to all other

---

[4]This action seeks relief on account of Forgey's, Simmons' and Ring's alleged misconduct as employees of the Commonwealth.

[5]Cerrone and Hardy, **The Massachusetts Governmental Tort Liability Act and Its Discretionary Function Immunity: An Analysis and A Modest Proposal,** 14 Suffolk L. Rev. 1251, 1284, nn. 220, 222 (1978).

"civil action(s) or proceeding(s)"for these "negligent or wrongful act(s) or omission(s)." The General Court's inclusion of both § 9 and § 10 requires such an interpretation.

Section 10(c) states that § 2 does not apply to intentional torts. Thus, a public employer retains whatever statutory or common law immunity from suit for its public employees' intentonal torts that it enjoyed prior to the enactment of c. 258. Section 9 empowers a public employer to indemnify its employees from legal fees and judgments which arise from suits for their intentional torts. Thus, § 10(c)'s preservation of a public employer's immunity did not also operate to immunize public employees who remain liable for their intentional torts.[6] Contrary to defendants' position, a suit against the Commonwealth pursuant to § 2, would not preclude a suit against a public employee for an intentional tort constitute two separate causes of action. Since, Section 10(c) renders § 2 inapplicable to suits for intentional torts, § 2 could not operate to preclude a party from bringing an additional cause of action for a public employee's intentional tort.

I therefore rule that c. 258 immunizes public employees from liability for those "negligent or wrongful acts(s) or omission(s)" occurring "within the scope of . . . office or employment" for which the Commonwealth may be sued pursuant to § 2. Thus, each of plaintiffs' causes of action must be analyzed to determine whether the particular claim constitutes an action for which the Commonwealth may be liable, and thus for which its public employees are immune, pursuant to § 2.

### Plaintiffs' First Through Third Causes of Action.

Plaintiffs' first three causes of action present 42 U.S.C. § 1983 (1976) claims against defendants. Since § 2 cannot operate to immunize a public employee from liability under § 1983, Forgey, Simmons and Ring must remain as defendants as to those claims. In **Martin** v. **State of California,** 444 U.S. 277 (1980), the Supreme Court held that a California immunity statute could not immunize a parole officer from liability

under § 1983. The Court noted: "It is clear that the California immunity statute does not control this claim even though the federal cause of action is being asserted in the state courts." **Id.** at 284. At note 8, the Court quoted with approval from a court of appeals decision which ruled that "Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law." **Id.** Thus, § 2 cannot operate to preclude a person who sues a public employer for the acts of its public employee from suing the public employee for these same acts under § 1983 because § 2 cannot immunize a public employee from suit under § 1983.[7] Thus, defendants' motions to dismiss the Hoches' § 1983 claims will not lie.

### Plaintiffs' Sixth Through Eighth Causes of Action[8]

These causes of action allege that defendants Forgey and Simmons committed the intentional tort of malicious prosecution. G. L. C. 258, § 10(c) explicitly provides that a public employer is not liable for the intentional torts of a public employee. Thus, there exists no public employer liability pursuant to § 2 which would operate to immunize a public employee. As noted, **supra,** § 9's indemnification procedure indicates a legislative intent to preserve public employee liability for intentional torts. Accordingly, the Hoches may pursue these causes of action against Forgey and Simmons.

[6] See **Alves v. Hayes,** 1980 Mass. Adv. Sh. 1591, 1592.

[7] This is not meant to suggest that the General Court intended for § 2 to preclude § 1983 actions against public employees. Section 9's indemnification provisions for public employees sued for violations of federal civil rights statutes indicates a contrary intent — an intent not to have § 2 operate to immunize public employees from claims on account of these types of violations.

[8] This court has purposely not made rulings as to plaintiffs' fourth and fifth causes of action. The Hoches have set out damages for loss of consortium as two separate causes of actions. Loss of consortium constitutes an element of the damages a person may collect from a third party who negligently injures his or her spouse, see J. Nolan, Tort Law, § 122 p. 196 (1979) and **Diaz v. Eli Lilly & Co.,** 364 Mass. 153 (1973), and it does not constitute an independent cause of action.

### Plaintiffs' Ninth Through Eleventh Causes of Action.

These causes of action sound in negligence. They allege that defendants Forgey, Simmons and Ring owed "a duty to insure that . . . (Joan, Laurence and Margaret Hoch[9] were) not to be deprived of the custody of Margaret Hoch until policies, practices and procedures as outlined in applicable statutes and regulations were complied with." Complaint ¶¶ 87, 93 and 99. That "duty" purportedly owed the Hoches arises primarily under G. L. c. 119, § 51B and the regulations promulgated thereunder.

G. L. c. 258, § 10(a) provides that § 2 does not apply to "any claim based upon an act or omission of a public employee when such employee is exercising due care in the execution of any statute or any regulation of a public employer." This merely states the converse of section 2 which makes the public employer solely liable for the negligent acts of the public employee. Thus, the Hoches' allegations that defendants Forgey, Simmons and Ring breached duties arising under statutes and regulations, coupled with their addition of the Commonwealth as a party pursuant to § 2, precludes the Hoches from maintaining these causes of action against Forgey, Simmons and Ring. If Forgey, Simmons and Ring did breach this duty, then the Commonwealth is exclusively liable pursuant to § 2. Conversely, if Forgey, Simmons and Ring did not breach this duty, having exercised due care, then neither they, nor the commonwealth, could be liable. Thus, Forgey's, Simmons' and Ring's motions to dismiss these causes of action will lie.

### Order.

For the reasons stated above, defendants Forgey's, Simmons' and Ring's motions to dismiss causes of action numbered 1, 2, 3, 6, 7 and 8 are **denied** and defendants, Forgey's, Simmons' and Ring's motions to dismiss causes of action numbered 9, 10 and 11 are **allowed**.

**Paul G. Garrity**
**Justice of the Superior Court**

[9] This court assumes that the Hoches' cause of action as to Margaret refers to a duty to insure that Margaret was not taken away from her parents "until policies, practices and procedures as outlined in applicable statutes and regulations were complied with."